[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court for decision is Defendants' Motion to Stay Proceedings Pending Supreme Court Review.
Plaintiff, the State, duly filed an Opposition to Defendant's Motion and this Court conducted a hearing on January 5, 2005. The Court notes that Defendants' Motion which is dated December 28, 2004, resulted from and is predicated on the issuance by our Supreme Court on December 22, 2004 of a Writ of Certiorari (hereinafter "Writ") which directs the Clerk of this Court to certify to the Supreme Court:
 ". . . the papers, transcripts and exhibits, if any, in (this case) so that the Court may review the Superior Court's Orders of September 5, 2002, August 28, 2003 and December 31, 2003."
This Court notes that the issue apparently prompting the Writ as stated by Defendants to the Supreme Court in Defendants' Petition for a Writ of Certiorari (hereinafter "Petition") as found in paragraph 41 thereof, simply is:
 ". . . whether contingent fee arrangements are permitted in cases such as this . . ."[1]
Of consequence in deciding the Motion at bar is the averment found in paragraph 40 of the Petition which in its entirety reads as follows:
 "Petitioners do not seek a stay of continuing proceedings in the Superior Court, and the Court's decision to grant its petition will not delay the ultimate disposition of this case in the Superior Court."
It is argued by Defendants that the last quoted paragraph was true at the time of the filing of the Petition, that is to say, on March 3, 2004. Defendants remind the Court that on that date, the status of this case was such that existing orders provided for a retrial of the so-called phase one aspect of the case, the original trial of which had ended in a hung jury. Defendants argue to the Court that presently a full trial (except with respect to potential third party Defendants) is scheduled to commence on or about April 6, 2005. Defendants argue to some extent that because their liability was not a function of the phase one trial, paragraph 40 quoted above was appropriate when the Petition was filed but that now where liability (joint or several) of the Defendants will be an issue, that paragraph should be without consequence.
Plaintiff calls to the Court's attention the transcript of a recorded conference which occurred in open Court on March 3, 2004, at which not only was the State but also most of the Defendants represented by counsel, during which it was made clear that appropriate orders would enter providing inter alia for the abandonment of the phased trial concept and for a full trial date of April 6, 2005, subject to the power of the Court to modify that trial date if it seemed to it to present inappropriate burdens to any of the parties primarily dealing with discovery. It should be noted that during the course of that conference, a recess was taken so that the attorneys for the Defendants there present, could telephonically confer with their colleagues representing those Defendants not present in the courtroom for the conference. The Court also notes that within a reasonable period of time following that conference, such orders were entered. Defendants during argument on January 5, 2005, conceded that they had neither amended the Petition nor in any other direct way advised the Supreme Court of the change of status of the pending trial. While counsel and the Court indulged in some speculation with respect to knowledge that the Supreme Court or justices thereof, may have gleaned from the local press with respect to the status of the case as pending in the Superior Court, it was pure speculation.
Essentially, Defendants urge the Court to stay all further proceedings in the Superior Court pending full and final determination of the Writ claiming that their constitutionally protected due process rights mandate that at least in respect to the public nuisance count, they are entitled to have the State represented by counsel who do not have a direct and contingent financial interest in the final result of the trial. This Court's view of those issues is precisely what appears to be the issue in connection with the Writ and the ultimate review by the Supreme Court of this Court's aforementioned Orders.
Apparently it is now the position of the Defendants that even if, as a result of the pending Writ, it ultimately were determined that Plaintiff's contingent fee counsel could not be compensated pursuant to the provisions of the contingent fee retainer agreement, the mere fact that the case has proceeded with such counsel believing that they were to be compensated pursuant to that agreement, in some way infringes upon the due process to which Defendants feel they are entitled.
Justice Marshall writing for the United States Supreme Court inMarshall v. Jerrico, Inc., 446 U.S. 238, 100 S.C. 1610 (1980) stated as follows:
 "The due process clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision making process. The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. At the same time, it preserves both the appearance and reality of fairness, "generating the feeling, so important to a popular government, that justice has been done," by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him." (internal citations omitted)
In Jerrico, the Court went on to discuss the general proposition that while judges must be beyond the possible temptation therein referred to of possibly personally benefiting from their decisions, a line, though not necessarily a bright line, could be drawn between those in a position of judging as opposed to those in a position of "prosecuting."
In Phillip Morris Inc. v. Glendening, 349 MD. 660, 709 A.2d 1230 (Ct. of Appeals Md. 1998) a case involving a contingent fee counsel representing the State against the tobacco industry, the Court after some discussion of People ex rel Clancy v. Superior Court, 705 P.2d 347 (Cal. 1985) upon which Defendants based their motions before this Court, while recognizing that Marshall v. Jerrico, might under certain circumstances preclude representation of the government by counsel with a financial incentive in obtaining civil penalties, noted that the United States Supreme Court had refrained from drawing a bright line and the Maryland Court went on to hold that in the case before them such arrangement did not exceed any reasonable limits so as to violate the tobacco company's due process rights.
This Court believes that whatever risk here is run, it is a risk to contingent fee counsel who certainly by the grant of the Writ have been put on notice that the Supreme Court is looking at and will review the propriety of their fee arrangement.
Finally, the Court further notes that in the Writ as issued by the Supreme Court on December 22, 2004, that Court noted that
 ". . . due to the volume of the Superior Court record in this matter, and the ongoing nature of the proceedings . . ." (emphasis added)
only portions of the record were to be copied, certified and filed with the Supreme Court. There is nothing in the Writ which suggests an intention that the proceedings be stayed. Of course there is no question but that the Supreme Court as part of its Writ could have on a sua sponte basis stayed these proceedings if that was its intent.
Predicated on all of the foregoing, and this Court's belief that defendants have failed to show good cause for a stay, this Court finds that there is no reason to stay the Superior Court proceedings and Defendants' motion accordingly hereby is denied.
Order to enter.
[1] Petition dated March 2, 2004.